```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
KELCEY DEPTULA,

                        Plaintiff,
        -against-                                           20 Civ. 2371 (AT)

JONATHAN ROSEN, CERAMICA DE ESPANA,                         ORDER

                        Defendants.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/10/2020

ANALISA TORRES, District Judge:

I. Background

Plaintiff commenced this action on March 17, 2020. ECF No. 1. On August 27, 2020, Defendants filed a "motion" entering a "limited/special appearance" for the stated purpose of moving to dismiss this action for insufficient service of process under Rule 12(b)(5) of the Federal Rules of Civil Procedure. ECF No. 20. Defendants attached to this submission a document that they claimed was a letter from Plaintiff to her own attorney, requesting that counsel dismiss the action. ECF No. 20-1.

The Court construed Defendants' filing as a pre-motion letter, as required by Rule III(A) of the Court's Individual Practices in Civil Cases, and directed Plaintiff to respond. ECF No. 21. Plaintiff did so on September 7, 2020. ECF No. 22. In her response, Plaintiff disputed Defendants' assertions regarding her failure to attempt service. *Id.* at 1–2. Plaintiff also wrote that "[D]efendant Jonathan Rosen had presented her with and pressured her into signing a letter purportedly written by her instructing [counsel] to discontinue the action," but that afterwards, she "implored and instructed [counsel] to disregard that letter and hold the present course." *Id.* at 2.

On September 9, 2020, Defendants filed a 16-page brief, with over 200 pages of attachments, "request[ing] that this Court dismiss the case with prejudice or summarily adjudicate it in favor of the Defendants, as required by *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)." ECF No. 23 at 1. Defendants also reasserted that Plaintiff's letter to her attorney should affect the adjudication of this matter, *id.* at 1–2, stated that this lawsuit was an attempt to "extort" Defendants, *id.* at 3, and reproduced numerous text message communications between Plaintiff and Rosen, as well as between Plaintiff and third parties, *id.* at 3–11.

Defendants' latest filing was unauthorized and improper. The Federal Rules of Civil Procedure and this Court's Individual Practices in Civil Cases provide specific procedures for contesting a complaint and litigating an action. Defendants' public filing of communications between Plaintiff and her lawyer—possibly sent at Defendants' behest—is both legally irrelevant, and potentially ethically troublesome. *See* N.Y. R.P.C. 4.2(b) ("[A] lawyer may cause a client to communicate with a represented person . . . and may counsel the client with respect to those communications, *provided the lawyer gives reasonable advance notice to the represented person's counsel that such communications will be taking place.*" (emphasis added)). If Plaintiff wishes to voluntarily dismiss this action, or if the parties agree to do so, Rule 41(a)(1) of the Federal Rules of

Civil Procedure provides the appropriate mechanism.  If the parties have agreed on a settlement, they may jointly inform the Court.  *See* ECF No. 4 ¶ 8.  None of those procedures permits Defendants to seek dismissal of an action on the basis of a letter from Plaintiff to her lawyer.

II.  Scheduling

This action will proceed as follows.  The Court takes Defendants' September 9 submission to indicate that Defendants would like to move to dismiss this action on the grounds that Plaintiff's complaint is legally insufficient, as well as on the grounds of improper service.  Those arguments, and any others, must presented in a single motion to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 12(g)(2) ("[A] party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."); *NYKCool A.B. v. Pac. Int'l Servs., Inc.*, No. 12 Civ. 5754, 2015 WL 998455, at *5 n.32 (S.D.N.Y. Mar. 5, 2015) ("The Federal Rules of Civil Procedure . . . abolished special and limited appearances in federal practice.").

Accordingly, it is ORDERED that:

1. By **October 8, 2020**, Defendants shall file their motion to dismiss;
2. By **November 5, 2020**, Plaintiff shall file her opposition;
3. By **November 19, 2020**, Defendant shall file their reply, if any.

It is further ORDERED that the parties shall appear for an initial pretrial conference on **September 28, 2020**, at **10:40 a.m.**  The conference will proceed telephonically.  The parties are directed to call (888) 398-2342 or (215) 861-0674, and enter access code 5598827.  By **September 21, 2020**, the parties shall submit a joint status letter and proposed case management plan, as described in the Court's March 24, 2020 order, ECF No. 4.

The Clerk of Court is directed to terminate the motion at ECF No. 20.

SO ORDERED.

Dated:  September 10, 2020
          New York, New York

_____
ANALISA TORRES
United States District Judge