

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/02/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KELCEY DEPTULA,

        Plaintiff,

-against-

JONATHAN ROSEN, et al.,

        Defendants.

20-CV-2371 (JPC) (BCM)

**ORDER REGARDING MOTION TO WITHDRAW**

**BARBARA MOSES, United States Magistrate Judge.**

    Invoking this Court's diversity jurisdiction, plaintiff Kelcey Deptula filed her Complaint on March 17, 2020 (Dkt. No. 1), and her Amended Complaint on March 19, 2020 (Dkt. No. 3), alleging that defendant Jonathan Rosen verbally abused her, drugged her, and raped her during the waning years of what had begun as a consensual amorous relationship, until she "moved out of his house" in March 2017. *See* Amend. Compl. ¶¶ 8-37. Plaintiff also alleges that Rosen and his business, identified as Ceramica de Espana, failed to pay her for modeling and promotional work. *Id.* ¶¶ 38-46. Insofar as the record reflects, neither defendant has been served with process. In letters filed on June 23, August 9, and September 7, 2020, plaintiff's attorney, Jean Philippe G. Bruno, informed the Hon. Analisa Torres, United States District Judge, that defendants were evading service. (Dkt. Nos. 14, 18, 22.)

    On September 9, 2020, defendants appeared through counsel and filed a letter-application (Dkt. No. 23), followed by a motion on September 24 (Dkt. No. 27), and an amended motion on September 25, 2020 (Dkt. No. 29), to "Dismiss this Frivolous Action with Prejudice" (the Motion to Dismiss). Defendants seek dismissal of all of plaintiffs' claims pursuant to Fed. R. Civ. P. 12(b)(2), (b)(3), (b)(5), and (b)(6) for lack of personal jurisdiction, improper venue, insufficient service of process, and on the merits, for failure to state a claim upon which relief can be granted. Defendants assert, among other things, that plaintiff is a "flim-flam artist" who (a) kept the lawsuit

secret from Rosen from March through July 2020 while maintaining an intimate relationship with him; (b) revealed the existence of the case to Rosen on August 1, 2020, while celebrating his birthday with him, but assured him that her claims were meritless "BS" and that she had filed them under pressure from another boyfriend as a means of extorting money from Rosen; (c) instructed attorney Bruno to drop the lawsuit on August 25, 2020; but (d) changed her mind the following week and told Bruno to disregard her prior instructions and stay the course. *See* Motion to Dismiss at 2-16, 21-22. These assertions, in turn, are based largely on a series of text messages allegedly exchanged between plaintiff and defendant Rosen from March through early September 2020, which defendants' counsel attaches to his motion papers but makes no effort to authenticate. *Id*. Exs. A, B.

On September 25, 2020, attorney Bruno filed a "Notice of Withdrawal of Appearance" (Notice) (Dkt. No. 31) and a "Motion for Withdrawal of Appearance" (Motion to Withdraw) (Dkt. No. 31-1). Bruno asserts that Deptula gave him the wrong service address for Rosen, concealed her continuing relationship with him, and claimed that she had been "'tricked' into signing a release by the defendant although she had for months professed not to know of the defendant's whereabouts." Motion to Withdraw at 1-2.

The Notice is ineffective, as is ¶ 6 of the Motion. An attorney who has once appeared as counsel of record for a party in this District "may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order." S.D.N.Y. Local Civ. R. 1.4. Further, the Motion fails to comply with Rule 1.4, in that attorney Bruno has made no evidentiary showing, "by affidavit or otherwise," of "satisfactory reasons for withdrawal or displacement." All of counsel's assertions are unsworn and appear to be based on defendants' (similarly unsworn) factual assertions in their Motion to Dismiss.

On September 30, 2020, Judge Torres referred this action to me for general pretrial management. (Dkt. No. 32.) On October 2, 2020, the case was reassigned to the Hon. John Peter Cronan, United States District Judge (Dkt. No. 34), who left my reference in place.

It is hereby ORDERED as follows:

1. Attorney Bruno shall promptly serve a copy of this Order upon plaintiff Deptula and file proof of same on ECF.

2. No later than **October 9, 2020**, attorney Bruno shall file one or more affidavits, declarations, or other admissible evidence establishing "satisfactory reasons" for withdrawal, pursuant to Local Civil Rule 1.4.

3. If – as appears to be the case – attorney Bruno's showing requires the disclosure of confidential attorney-client communications or attorney work product, Bruno shall redact such material from the publicly-filed version of counsel's papers and shall file the unredacted version under electronic seal pursuant to § 3 of this Court's Individual Practices and § 6 of the S.D.N.Y. ECF Rules & Instructions. Alternatively, counsel may email the unredacted version to the Court at Moses_NYSDChambers@nysd.uscourts.gov. Counsel shall redact only that which is necessary to preserve the confidentiality of matters protected by the attorney-client privilege or the attorney work product doctrine and/or avoid prejudice to the client.

4. **Before** submitting supplemental withdrawal papers to the Court, attorney Bruno shall serve the unredacted version upon plaintiff Deptula and shall shall file proof of same on ECF.

5. If plaintiff wishes to respond to her attorney's Motion to Withdraw, she may do so in the form of a letter (in pdf format, showing plaintiff's signature) emailed to the Court at Moses_NYSDChambers@nysd.uscourts.gov, or in the form of an original letter (with an ink signature) delivered to the Court by mail, courier, or overnight delivery service, addressed to:

   Chambers of the Hon. Barbara Moses
   United States Magistrate Judge
   United States Courthouse
   500 Pearl Street
   New York, NY 10007

   Plaintiff's letter must include **the name and docket number of this case**, must be **signed** by plaintiff in her own hand, and **must be emailed or delivered to the Court on or before October 16, 2020.** Plaintiff must serve a copy of her response on attorney Bruno at the same time she submits it to the Court. (That is, she must send a copy to her attorney by the same method used to send it to Court.) However, plaintiff need not serve a copy on defendants.

6. Any other objections or responses to the withdrawal motion must also be submitted to the Court no later than **October 16, 2020**.

7. Judge Moses will conduct a telephonic conference to discuss the withdrawal motion on **October 23, 2020, at 10:00 a.m.** Attorney Bruno and plaintiff Deptula must attend. Defendants and their counsel may, but need not, attend. At the scheduled time, all participants are to dial **(888) 557-8511** and enter the access code **7746387**.

8. Briefing on the Motion to Dismiss shall be held in abeyance pending the disposition of the Motion to Withdraw.

Dated: New York, New York
October 2, 2020

**SO ORDERED**.

_____
**BARBARA MOSES**
**United States Magistrate Judge**

5