USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/16/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KELCEY DEPTULA,

        Plaintiff,

-against-

JONATHAN ROSEN, et al.,

        Defendants.

20-CV-2371 (JPC) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

All parties in this action are represented by counsel. Both sides, however, appear to have difficulty complying even with relatively uncomplicated orders of this Court. The Court details these difficulties below, prescribes certain remedial actions, and advises the parties to comply scrupulously with this and all future orders of the Court.

### Defendants

Defendants Jonathan Rosen and Ceramica de Espana, who were never served with process, appeared on August 27, 2020 by filing what they styled a "Motion to Dismiss Case as Frivolous," which invoked Fed. R. Civ. P. 12(b)(5) and relied on what appeared to be an (unauthenticated) letter from plaintiff Kelcey Deptula to her attorney, Jean Philippe G. Bruno. (Dkt. No. 20.) On September 10, 2020, the Hon. Analisa Torres, United States District Judge, to whom this case was then assigned, denied the motion, noting that defendants' reliance on a presumptively privileged communication between plaintiff and her counsel was both "legally irrelevant" to a motion made pursuant to Rule 12(b)(5) and "potentially ethically troublesome." (Dkt. No. 24.) Judge Torres gave defendants leave to file "a single motion to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure" on or before October 8, 2020, with opposition papers due on November 5, 2020, and reply papers due on November 19, 2020. (*Id*.)

Defendants filed their motion on September 24, 2020 (Dkt. No. 27), again styled as a "Motion to Dismiss Case as Frivolous," but this time invoking Fed. R. Civ. P. 12(b)(5) and (b)(6). (Dkt. No. 27.) The following day, defendants filed an "amended" (expanded) "Motion to Dismiss Case as Frivolous," invoking Fed. R. Civ. P. 12(b)(2), (b)(3), (b)(5) and (b)(6) (the Motion to Dismiss) (Dkt. No. 29), without withdrawing their September 24 motion. As this Court has previously noted, the September 25 Motion to Dismiss is based largely on a series of text messages allegedly exchanged between plaintiff and defendant Rosen, which defendants' counsel, Robert Steinbuch, attached to his motion papers in the form of 230 pages of (redacted) printouts, but made no effort to authenticate.

By order dated October 2, 2020 (Dkt. No. 35), I held briefing on the Motion to Dismiss in abeyance pending the disposition of a motion to withdraw as counsel (the Motion to Withdraw) filed on September 25, 2020 by attorney Bruno. (Dkt. No. 31-1.) However, on October 5, 2020 – without seeking or obtaining leave of the Court – defendants filed a letter-motion (Dkt. No. 37) seeking permission to file yet another "revised motion to dismiss and for other relief," "relating to" Judge Torres's September 24 Order. As noted above, that order clearly limited defendants to a "single motion to dismiss."[1]

---

[1] In their October 5 letter-motion, defendants also argue that they properly authenticated the 230 printed out pages of (redacted) text messages attached to their September 25 Motion to Dismiss by means of an affidavit executed by Jonathan Rosen (Rosen Aff.) (Dkt. No. 23-3) two weeks earlier, which was filed as an attachment to defendants' September 9, 2020 reply letter-brief in support of defendants' original (August 27) motion to dismiss. (Dkt. No. 23.) The Rosen Affidavit did not say anything about text messages. It stated, in a single sentence, that "the facts set forth in the letter from my attorney filed today 9/9/20 are a [sic] true." Rosen Aff. at 1. Although there were text messages attached to that September 9 reply letter-brief (which on *brief* review appear to be the same collection of messages attached to defendants' later motions), the Rosen Affidavit was not adequate to render them admissible. To authenticate a document, "the proponent must produce evidence sufficient to support a finding that the item is what its proponent claims it is." Fed. R. Evid. 901 (a). With regard to emails, text messages, and other electronic communications recently sent or received, this is ordinarily not a difficult task, but it does require a *specific* attestation, by a person with personal knowledge of the communications, that they are authentic

**Plaintiff**

Paragraph 1 of the Court's October 2 order directed plaintiff's counsel, attorney Bruno, to "promptly" serve a copy of that order on plaintiff Deptula. Thirteen days later, on October 15, 2020, counsel filed an Affirmation of Service confirming that Deptula was served, but omitting the date on which that service occurred. (Dkt. No. 38-1).

Paragraph 2 of the October 2 order directed attorney Bruno to file "one or more affidavits, declarations, or other admissible evidence establishing 'satisfactory reasons' for withdrawal, pursuant to Local Civil Rule 1.4," no later than October 9, 2020.  Instead, Bruno filed nothing until October 15, 2020, at which point he filed another unsworn "Motion for Leave to Withdraw," unsupported by any affidavit, declaration, or admissible evidence as to the reasons for withdrawal. (Dkt. No. 38.)

Paragraph 3 of the October 2 order directed Bruno to redact any "confidential attorney-client communications or attorney work product" from the publicly-filed version of his papers and to file the unredacted version under electronic seal pursuant to § 3 of this Court's Individual Practices and § 6 of the S.D.N.Y. ECF Rules & Instructions. Instead, Bruno's October 15 submission was filed unredacted, although it includes a description of numerous presumptively privileged attorney-client communications.

Bruno's October 15 submission is troubling for other reasons as well.

---

(*i.e.*, that they were actually sent to or received from the indicated person(s)) and that any printout or other version submitted to the court is a true copy of the original electronic messages. *See*, *e.g*., *Bell v. Rochester Gas & Elec. Corp.*, 329 F. App'x 304, 306 (2d Cir. 2009) (affirming district court ruling excluding email printout at trial where there was no evidence that "the email was ever sent or received" through the relevant corporate email system); *United States v. Gagliardi*, 506 F.3d 140, 151 (2d Cir. 2007) (holding that emails and instant messages sent by defendant to an informant and a law enforcement agent posing as underaged girls on the internet were adequately authenticated where "both the informant and Agent Berglas testified that the exhibits were in fact accurate records of Gagliardi's conversations with Lorie and Julie").

3

In paragraph 6, the October 15 submission refers to a retainer agreement that "explicitly forbids a settlement outside its purview." Bruno is reminded that a retainer agreement restricting a party's right to settle her own case is unethical and unenforceable. *See* N.Y. Rules of Prof. Conduct, Rule 1.2(a) ("A lawyer shall abide by a client's decision whether to settle a matter."); N.Y. Comp. Codes R. & Regs. tit. 22, § 1210.1 (requiring every New York attorney to post a Statement of Client's Rights assuring clients, among other things, that "the decision of whether to settle your matter is yours and not your lawyer's"); *Holcombe v. US Airways Grp., Inc.*, 2017 WL 10084142, at *11 (E.D.N.Y. Aug. 4, 2017) (noting that "interference with a client's right to settle can constitute misconduct sufficient to warrant discharge for cause and forfeiture of legal fees").

In paragraph 7, the October 15 submission purports to inform counsel's client, "[p]ursuant to Fed. R. Civ. Pro. 74," that she "is personally responsible for complying with all court orders and time limitations established by any applicable rules" and that if she fails to appear (telephonically) for the October 23, 2020 conference regarding the Motion to Withdraw, "pleadings, motions, and other papers may be stricken, and [a] default judgment or other sanctions imposed against her." To the extent attorney Bruno intended to communicate to his client that he has already been relieved as counsel, paragraph 7 is misleading. As this Court explained in its October 2 Order (at 2), "'[a]n attorney who has once appeared as counsel of record for a party in this District 'may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order.' S.D.N.Y. Local Civ. R. 1.4." Moreover, there is no Fed. R. Civ. P. 74. Former Fed. R. Civ. P. 74, abrogated in 1997, governed appeals from magistrate judges to district judges.

4

On October 15, 2020, attorney Bruno filed (a) a second copy of the original Complaint in this action,[2] and (b) a letter, addressed to Judge Torres and submitted "[p]ursuant to the Court's September 29, 2020 Order," describing "the issues to be discussed at the October 23, 2020 initial pretrial conference." (Dkt. No. 39-1.) This action is no longer assigned to Judge Torres. (Dkt. No. 34.) There was no September 29, 2020 order. The October 23 conference was scheduled by Judge Moses, on October 2, 2020, "to discuss the withdrawal motion."

## Conclusion

In light of the facts summarized above, it is hereby ORDERED that:

1.  To the extent defendants' October 5 letter is intended as a supplemental brief in support of the still-pending September 25 Motion to Dismiss, it was filed in violation of the October 2 order holding briefing in abeyance on that motion, and will be disregarded.

2.  To the extent defendants' October 5 letter is intended as a pre-motion letter seeking leave to file yet another motion to dismiss plaintiffs' claims (which would become the fourth such motion filed by defendants since August 27, 2020), the application is DENIED.

3.  Defendants' superseded motion to dismiss at Dkt. No. 27 is deemed WITHDRAWN. Defendants also are free to withdraw their current Motion to Dismiss, at Dkt. No. 29, if they wish. They are not free to multiply proceedings further while opposing counsel's withdrawal motion remains pending.

4.  Attorney Bruno's October 15, 2020 submission at Dkt. No. 38, mistakenly styled a Motion to Substitute Attorney, shall be placed under electronic seal ("ex parte"),

---

[2] Attorney Bruno also filed a second and a third copy of plaintiff's Amended Verified Complaint on June 23, 2020, without explanation. *See* Dkt. Nos. 1, 3, 13, 14.

5

available only to the filing party and the Court, to protect the attorney-client privilege. Defendants shall destroy all copies of that submission in their possession (including electronic copies) and shall make no use of the document or its contents in connection with this action or otherwise.

5. Plaintiff Deptula, who may not have been served with her counsel's original Motion to Withdraw, or this Court's October 2 Order, until October 15, 2020 (which is also when she was served with attorney Bruno's October 15 submission, by United States mail), may have until **October 22, 2020** to respond to the Motion to Withdraw. If plaintiff wishes to respond she may do so in the form of a letter (in pdf format, showing plaintiff's signature) emailed to the Court at Moses_NYSDChambers@nysd.uscourts.gov, or in the form of an original letter (with an ink signature) delivered to the Court by mail, courier, or overnight delivery service, addressed to:

Chambers of the Hon. Barbara Moses
United States Magistrate Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

Plaintiff's letter must include the name and docket number of this case, must be signed by plaintiff in her own hand, and must be emailed or delivered to the Court on or before **October 22, 2020**. Plaintiff must serve a copy of her response on attorney Bruno at the same time she submits it to the Court. (That is, she must send a copy to her attorney by the same method used to send it to Court.) However, plaintiff need not serve a copy on defendants.

6. The **October 23, 2020** telephonic conference remains on calendar at **10:00 a.m.** Attorney Bruno and plaintiff Deptula must attend. Defendants and their counsel

6

            may, but need not, attend. At the scheduled time, all participants are to dial **(888) 557-8511** and enter the access code **7746387**.

       7.      Attorney Bruno must **immediately** serve this Order on plaintiff Deptula, *including* by email if counsel possesses an email address for his client, and must promptly file proof of such service on ECF.

       8.      The Clerk of Court is respectfully directed to close Dkt. Nos. 27, 37, and 38.

Dated:  New York, New York
           October 16, 2020

                                      **SO ORDERED**.

                                    **BARBARA MOSES**
                                    **United States Magistrate Judge**